THORNAL, Justice.
By petition for a writ of mandamus we are requested to direct respondent Ray Green, as State Comptroller, to issue a monthly warrant for the sum of $100.00, as salary to petitioner Russell C. Jordan, who claims to be a member of the Florida House of Representatives.
Basically we must decide whether Article VII, Section 3, Florida Constitution, as amended in 1924, F.S.A., continues to be a valid limitation on the power of the Legislature to reapportion itself.
Petitioner Jordan was elected a member of the Florida House of Representatives from Group II, Sarasota County, in the general election of November 6, 1962. His two year term expired at midnight November 3, 1964, the date of the general election that year. At a special session of the Florida Legislature in 1963, Ch. 63-1 (X), Laws of Florida, was enacted. This Act reapportioned the Legislature. To the extent here pertinent, it reduced from two to one the number of Representatives from Sarasota County. At the same session the Legislature adopted House Joint Resolution 5X proposing an amendment of Arti- *449 ele VII, Section 3, Florida Constitution, which would have reapportioned the Legislature in terms identical with the provisions of Ch. 63-1 (X), supra, which established the statutory reapportionment formula. The proposed Constitutional Amendment, House Joint Resolution 5X, was rejected by the electorate on November 3, 1964. Apparently assuming the validity of Ch. 63-1 (X), supra, the statutory reapportionment formula, no candidate qualified to run for the House of Representatives, Sarasota County, Group II, in the general election of November 3, 1964. Hence, petitioner Jordan claims that since the proposed Constitutional Amendment formula failed, then original Article VII, Section 3, supra, remained in effect and when measured by this standard Ch. 63-1 (X), supra, is unconstitutional. He then insists that under original Article VII, Section 3, Sarasota County is entitled to two Representatives, and since his Group II seat was not filled at the general election of November 3, 1964, he is entitled to hold over and continue in office under Article XVI, Section 14, Florida Constitution.
We pretermit any discussion of the applicability of Article XVI, Section 14, to the legislative branch of the government. There is a more direct answer to the petitioner’s contentions.
Of course, if the apportionment formula established by original Article VII, Section 3, as amended in 1924, is still in effect, the statutory reapportionment prescribed by Ch. 63-1 (X), supra, would fail because admittedly it has no support in Article VII, Section 3, supra.
However, by their Advisory Opinion to the Governor, ISO So.2d 721, six Justices of this Court held that the United States District Court had decided that Florida’s organic apportionment formula under Article VII, Section 3, supra, was “invidiously discriminatory” and hence “prospectively null, void and inoperative.” Sobel v. Adams, 208 F.Supp. 316; Swann v. Adams, 208 F.Supp. 316. The Justices further specifically advised that the federal court decree “has eliminated the limitations provided in the Florida Constitution on the size of the House and Senate * * * ” By the opinion, the Governor was further advised that he had the power to continue to call recurring extra sessions of the Florida Legislature, under Article IV, Section 8, Florida Constitution, “until such time as a reapportionment bill is enacted by the Legislature in conformity with the Fourteenth Amendment of the Constitution of the United States, notwithstanding the aforesaid limitations as they were prior to the decisions of the Federal Court, supra, on July 23, 1962, and which have been by virtue of that decree invalidated.”
The sum of this holding simply was that Article VII, Section 3, Florida Constitution, and the apportionment formula it provided, was invalid and hence ineffective under federal organic law. Consequently, since July 23, 1962, the Florida Legislature has not been restricted by any apportionment formula in the Florida Constitution. Since that date it has been at liberty to accomplish reapportionment by a non-discriminatory statute without regard to the limitations of Article VII, Section 3, supra.
The subsequent reversal of Swann v. Adams, D.C., 214 F.Supp. 811, by the United States Supreme Court, with directions to proceed in accordance with .standards set in Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506, does not alter the result we have announced. By the reversal the Supreme Court did not disturb the basic conclusion of the District Court that Florida’s constitutional and statutory formulae as of July 23, 1962, failed to meet Fourteenth Amendment equal protection standards. Swann v. Adams, 378 U.S. 553, 84 S.Ct. 1904, 12 L.Ed.2d 1033.
Consequently, the only currently effective apportionment formula which has not yet been disturbed by the federal courts is the one established by Ch. 63-1 (X), supra. But see the unpublished order of the U. S. District Court, Southern District of *450 Florida, dated January 8, 1965, in Swann v. Adams, Case No. 186-62-M-Civil. Without Ch. 63-1 (X), supra, there would be no apportionment formula. With it, however, the petitioner’s Group II seat in the House has been abolished. We have no power to re-establish it in this proceeding.
The motion to quash the alternative writ is granted.
It is so ordered.
DREW, C. J., and THOMAS, O’CON-NELL and ERVIN, JJ., concur.